UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY, | : | |
|     Plaintiff, | : | |
| | : | |
| V. | : | 3:09-cv-2091 (WWE) |
| | : | |
| JEFFERY WALKER d/b/a WALKER | : | |
| BUILT HOMES, and | : | |
| DONALD JENCIK, | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION ON
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This action arises from an insurance contract between plaintiff Colony Insurance Company, as insurer, and defendants Jeffery Walker, d/b/a Walker Built Homes, as insured, and Donald Jencik. Plaintiff seeks declaratory relief that it does not have a duty to defend and indemnify defendant in connection with a construction accident. Now pending before the Court is plaintiff's Motion for Summary Judgment (Doc. # 18), which, for the following reasons, will be granted.

The Court has jurisdiction over plaintiff's claim pursuant to 28 U.S.C. § 1332.

**BACKGROUND**

The parties have submitted memoranda, stipulations of fact and supporting exhibits, which reflect the following factual background.

Colony Insurance Company ("Colony") issued an insurance contract to Jeffrey Walker effective from July 8, 2008 until July 8, 2009. In relevant part, it provides:

    This insurance does not apply to:

    Employer's Liability

1

"Bodily injury" to:

> (1) An "employee" or "temporary worker" of any insured arising out of and in the course of:
>
> > (a) Employment by an insured; or
> >
> > (b) Performing duties related to the conduct of any insured's business...
>
> This exclusion applies:
>
> (1) Whether an insured may be liable as an employer or in any other capacity...;
>
> (3) To any liability assumed under any contract or agreement.
>
> \* \* \*
>
> This insurance does not apply to:
>
> Subcontractors and Independent Contractors
>
> "Bodily injury", "property damage", or "personal and advertising injury":
>
> > (1) arising out of or resulting from the acts of your independent contractors or subcontractors....
> >
> > (2) sustained by any contractor, subcontractor or independent contractor or any of their "employees", "temporary workers", or "volunteer workers".

On November 3, 2009, Donald Jencik commenced a lawsuit against Jeffrey Walker d/b/a Walker Built Homes ("Walker"), which is currently pending in Connecticut Superior Court ("the Jencik action"). In that action, Jencik alleges that he was hired by Walker to work on a construction site at a private residence located at 348 North

Granby Road, Granby, Connecticut. Jencik alleges that, on June 22, 2009, a portion of the structure at the site collapsed, injuring him and causing him to sustain damages. Jencik claims that Walker was negligent by failing to provide a safe workplace, failing to inspect the site for hazardous conditions and failing to cease/postpone construction work until proper and necessary precautions could be taken to safeguard workers. In his complaint, Jencik refers to himself as a "business invitee," a "subcontractor" and a "worker."

By letter dated December 14, 2009, Colony informed Walker that it would assign counsel to begin Walker's defense in the Jencik lawsuit with a complete reservation of its right to defend Walker. Colony then brought this action seeking a declaratory judgment that it has no duty to defend or indemnify its policyholder Walker in the Jencik lawsuit.

## DISCUSSION

A motion for summary judgment must be granted if the pleadings, discovery materials before the court and any affidavits show that there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A dispute regarding a material fact is genuine if there is sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981).

If a nonmoving party has failed to make a sufficient showing on an essential

3

element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24. The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the jury could reasonably find for him. See Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party. See Patterson v. County of Oneida, 375 F.3d 206, 218 (2d Cir. 2004). If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper. See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

Whether an insurance company has a duty to defend an action depends on whether the complaint in that action states facts which appear to bring the claimed injury within the policy coverage. Missionaries of Companies of Mary, Inc. v. Aetna Casualty & Surety Co., 155 Conn. 104, 110 (1967). The duty to defend is broader than the duty to indemnify and does not depend on whether the injured party will prevail against the insured. See Middlesex Ins. Co. v. Mara, 2010 WL 1172205, *7 (D.Conn. Mar. 29, 2010). "[T]he insurer's duty to defend is measured by the allegations of the complaint.... Hence, if the complaint sets forth a cause of action within the coverage of the policy, the insurer must defend..." Hartford Casualty Ins. Co. v. Litchfield Mutual

4

Fire Ins., 274 Conn. 257, 463 (2005).

Colony contends that it does not have a duty to defend Walker in the Jencik lawsuit because (1) it is not estopped from terminating its defense of Walker and (2) Jencik's claim is outside the scope of the Contractor's Coverage Limitations Endorsement of Walker's insurance policy.

**I.    Estoppel**

Walker argues that because Colony began defending him in the Jencik lawsuit, it should be estopped from terminating the defense. Colony responds that courts have repeatedly held that a proper course of action for an insurer to follow is to defend the policyholder under a reservation of rights and commence a declaratory judgment action, as Colony has done. The Court agrees.

An estoppel claim must prove two elements: (1) the party against whom estoppel is claimed must do or say something intended to induce the other party to believe that certain facts exist and the other party must act on this belief; and (2) the other party must change his position in reliance on those facts, thereby incurring some injury. Chotkowski v. State, 240 Conn. 246, 268 (1997). Furthermore, a person claiming estoppel must show that he exercised due diligence in discovering the truth. That is, not only did he not know the true state of things, but he also lacked any reasonably available means of acquiring the knowledge. Connecticut National Bank v. Voog, 233 Conn. 352, 366 (1995).

Here, the first element is not met; Colony explicitly advised Walker that it was reserving its right to contest coverage through the December 14 letter. Courts have repeatedly found this to be a proper course of action for an insurer to follow. See, e.g.,

Black v. Goodwin, Loomis and Britton, Inc., 239 Conn. 144, 152-53 (1996) ("It is well settled that an insurer who maintains that a claim is not covered under its insurance policy can either refuse to defend or it [can] defend under a reservation of its right to contest coverage under the various avenues which would subsequently be open to it for that purpose.")

Even if Walker changed his position in reliance on a misunderstanding of Colony's intentions, estoppel would still be inappropriate. Colony did not do or say anything intended to induce Walker to believe that it would complete the defense in the Jencik lawsuit. Moreover, Walker admits he received the December 14 letter indicating that, while Colony would begin defending Walker in the Jencik action, this defense was under a complete reservation of rights. Therefore, there is no evidence that Colony led Walker to believe he was covered under the policy.

Colony was within its rights to commence a defense in the Jencik lawsuit while reserving its right to terminate if it determined it had no duty to do so under the insurance contract. Thus, Colony is not estopped from terminating its defense of Walker.

## II.     Employment Status

Walker objects to "Colony's self-serving interpretation" of Jencik's status and argues that Colony has overlooked the portion of the Jencik complaint where he describes himself as a "business invitee." Walker implies that if Jencik is a business invitee, he does not fall under the Contractors Coverage Limitations Endorsement exclusion of the insurance policy. Colony asserts that the complaint should be read in its entirety in order to give effect to the pleading and the general theory upon which it is

6

proceeding. When read in its entirety, the complaint alleges a claim that falls within the scope of the Contractors Coverage Limitations Endorsement in the Colony policy, and thus Colony is not responsible for the defense in the Jencik lawsuit. The Court agrees.

A "business invitee" is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land. Gargano v. Azpiri, 110 Conn. App. 502, 506 (2008). An "employee" is a person "who works in the service of another person (the employer) under an express or implied contract of hire, under which the employer has the right to control the details of work performance." Black's Law Dictionary (9th ed. 2004). A "subcontractor" is a person "who is awarded a portion of an existing contract by a contractor, esp. a general contractor." Id. These definitions are not mutually exclusive; it is possible for a person to be a "business invitee" and either an "employee" or "subcontractor." See Gargano, 110 Conn. App. at 506-08 (finding that plaintiff was both a "business invitee" and a hired worker) (citing Restatement (Second) of Torts § 332(3) cmt. e (1965) ("a workman who comes to make alterations or repairs on land used for residence purposes [is also a business invitee]")).

In response to Colony's complaint, Walker filed an answer in which he admitted that he had hired Jencik to work at the site. Furthermore, while paragraph seven of Jencik's complaint does characterize Jencik as a "business invitee," other subsections of the same paragraph characterize him as a "subcontractor" and a "worker." Thus, Jencik was either an employee or a subcontractor, regardless of whether he was also a business invitee.

As stated in his state complaint, Jencik was hired by Walker as an employee or

7

subcontractor to work at the jobsite where Jencik alleges to have been injured. Therefore, pursuant to the Contractors Coverage Limitations Endorsement exclusion in the insurance policy Colony issued to Walker, Colony has no duty to defend or indemnify Walker in the Jencik lawsuit.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Colony's motion for summary judgment (Doc. # 18). Colony has no duty to defend Walker in the Jencik lawsuit. The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 16th day of August, 2010.

                                                /s/
                                      Warren W. Eginton
                                      Senior United States District Judge